UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALVARO RIVERA,

                              PLAINTIFF,                  **COMPLAINT**

            -AGAINST-                          **ECF CASE**

NEW YORK CITY, POLICE OFFICER JANE DOE, and
POLICE OFFICER JOHN DOE, individually, and in their
capacity as members of the New York City Police
Department,

                              DEFENDANTS.

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which plaintiff Mr. Alvaro Rivera ("Mr. Rivera") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about February 1, 2015, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Rivera to *inter alia* false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Rivera, is a 19-year-old citizen of the United States and at all times here relevant resided at 530 Olmstead Avenue, apartment 14E, Bronx, NY 10473.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Jane Doe ("PO Jane Doe") and Police Officer John Doe ("PO John Doe"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Rivera is 19 years old and works seasonal jobs with UPS.

11. Mr. Rivera lives with his family at 530 Olmstead Avenue, apartment 14E, Bronx, NY 10473.

12. On or about February 1, 2015, Mr. Rivera was leaving his apartment to go for a run.

13. Mr. Rivera had only his phone and keys in his possession.

14. Mr. Rivera was in the elevator going to the lobby in his building when PO Jane Doe entered the elevator.

15. PO Jane Doe asked Mr. Rivera if he lived in the building.

16. Mr. Rivera told PO Jane that he did live in the building.

17. PO Jane Doe then asked Mr. Rivera what apartment he lived in.

18. Mr. Rivera told PO Jane Doe that he did not have to tell her what apartment he lived in.

19. Mr. Rivera exited the elevator in the lobby and was stopped by PO John Doe.

20. PO Jane Doe told Mr. Rivera that he had to tell them which apartment he lived in.

21. Mr. Rivera felt uncomfortable so gave the officers a different apartment number.

22. PO Jane Doe then asked Mr. Rivera for identification.

23. Mr. Rivera explained that he did not have identification with him.

24. PO Jane Doe then demanded that Mr. Rivera take them to his apartment.

25. Mr. Rivera told the officers that he felt uncomfortable giving them his apartment number so had given them an incorrect apartment number.

26. Mr. Rivera told the officers that his name was Al Rivera and that he lived in apartment 14E.

27. PO John Doe pushed Mr. Rivera against the wall and handcuffed him behind his back.

28. PO John Doe searched Mr. Rivera and removed his keys.

29. Mr. Rivera told the officers that he had identification in his apartment.

30. PO John Doe removed the handcuffs and Mr. Rivera retrieved his identification from his apartment.

31. Mr. Rivera gave his identification to PO John Doe.

32. PO Jane Doe accused Mr. Rivera of lying because he said his name was Al Rivera and not Alvaro Rivera.

33. PO John Doe made a phone call then told Mr. Rivera they were going to release him.

34. PO Jane Doe then arrested Mr. Rivera and Mr. Rivera was handcuffed behind his back.

35. Mr. Rivera was put in a police van and taken to the Police Service Area 8.

36. Mr. Rivera was held in a cell for several hours.

37. While in the cell Mr. Rivera was verbally abused and threatened by a male police officer.

38. Eventually PO Jane Doe released Mr. Rivera with no charges.

39. Mr. Rivera continues to feel frustrated and upset by the events of February 2015, and is wary and fearful when he sees police officers.

40. Mr. Rivera's mother has been traumatized by this incident and is fearful for her son.

41. Mr. Rivera takes efforts to avoid police officers when in public.

42. Mr. Rivera suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

**FIRST CAUSE OF ACTION**

(42 USC 1983 – False Arrest)

43. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

44. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

45. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

46. Defendants confined plaintiff.

47. Plaintiff was aware of, and did not consent to, his confinement.

48. The confinement was not privileged.

49. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

50. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

    In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

    Awarding plaintiff punitive damages in an amount to be determined by a jury;

    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           March 24, 2015

                                        By:     _____/S/_____
                                                Malcolm Anderson (MA 4852)

                                                PetersonDelleCave LLP
                                                Attorney for Plaintiff
                                                233 Broadway, Suite 1800
                                                New York, NY 10279
                                                (212) 240-9075